Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and on behalf of others similarly situated.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
**JUAN MANUEL GONZAGA CORTES,** *Individually*
*and on behalf of others similarly situated,*

                                   **Plaintiff**

v.

                                                    **Index No. 19-cv-905 (LGS)**

**HANG LIN, QING QUAN ZHENG,**
**Individually and SAIGON CAFÉ 89 INC. d/b/a MIDO**

                         **Defendants.**
-----------------------------------------------------------------------x

<u>**MEMORANDUM OF LAW**</u>
<u>**IN SUPPORT OF PLAINTIFF'S PROPOSED DAMAGES**</u>

## I.    **PRELIMINARY STATEMENT**

Plaintiff Juan Manuel Gonzaga Cortes ("Plaintiff") filed for judgment by default against Defendants Saigon Café 89 Inc. d/b/a Mido, Hang Lin and Qing Quan Zheng (collectively "Defendants").    Plaintiff has established that Defendants were properly served with the complaint and have failed to appear, plead, file an answer, or otherwise defend this action.    In support of the Court's request for an evidentiary basis for the damages requested (and in lieu of an evidentiary hearing on the issue of damages), Plaintiff submits this memorandum, his own declaration and the declaration of their attorney, Darren P.B. Rumack, Esq. and the accompanying exhibits.

## II.    **PROCEDURAL BACKGROUND**

On January 30, 2019, Plaintiff filed a complaint charging Defendants with violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").    The complaint charges that Defendants are liable to Plaintiff for unpaid overtime compensation, spread of hours pay and failure to issue wage notices.    The complaint alleges that Defendants are liable for liquidated damages under the FLSA and the NYLL and attorneys' fees and costs, as well as post-judgment interest.

As set forth in the accompanying declaration of Darren P.B. Rumack, Esq., this court has both personal jurisdiction and subject matter jurisdiction in this case.

## III.    **ARGUMENT**

### A.    **Plaintiff Is Entitled To Unpaid Overtime Pay**

#### i.    **The NYLL And The FLSA Provide For Overtime Pay**

Plaintiff alleges that Defendants violated the NYLL and the FLSA by failing to pay overtime compensation for all hours worked. The NYLL and the FLSA provide that employees must be compensated at a rate of one and one-half times their regular rate of pay for all hours

2

worked over forty (40) in a given workweek.  See 29 U.S.C. § 207(a); NYLL 652(1); 12 N.Y.C.R.R. § 142-2.2.

### ii.  The Court May Rely On Plaintiff's Recollection In His Declaration

The Court is permitted to rely on Plaintiff's recollection of the times he worked and wages he was paid, because Defendants have not kept adequate payroll records.  Pavia v. Around The Clock Grocery, Inc., 2005 WL 4655383 at *5 (E.D.N.Y. Nov. 15, 2005).  Where no records have been produced as a consequence of Defendants' default, courts have held that the employee has "carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  Id.  Further, Plaintiff's testimony as to the hours he worked and his rate of pay are presumed to be correct in the absence of any rebuttal evidence proffered by Defendants.  Duro v. BZR Piping & Heating Inc., 2011 WL 710449 at *3 (E.D.N.Y. Jan. 26, 2011).  Due to their default, Defendants have also failed to provide any evidence to contradict Plaintiff's recollection.

### B.  Plaintiff Is Entitled To Liquidated Damages

Plaintiff is entitled to an award of liquidated damages under the NYLL and the FLSA. The FLSA provides for 100% liquidated damages for violation of its minimum wage and overtime compensation provisions.  See 29 U.S.C. § 216(b).  Additionally, the NYLL provides for 100% liquidated damages, unless the employer proves a "good faith basis to believe that its underpayment of wages was in compliance with the law."  NYLL § 663(1).  Due to their default, Defendants have failed to prove a good faith basis for their non-compliance with the law. Maldonado v. La Nueva Rampa, Inc., 2012 WL 1669341 at *8 (S.D.N.Y. May 14, 2012).

### C.  Plaintiff Is Entitled To Spread Of Hours Pay

Plaintiff is entitled to spread of hours pay pursuant to New York law. Plaintiff asserts that Defendants failed to pay him an additional hour of pay at the New York state minimum wage for each day he worked more than ten (10) hours. See N.Y.C.R.R. § 146-1.6. The spread of hours is defined as the interval between the beginning and end of an employee's workday. Id. The spread of hours for any day includes working time plus time off for meals plus intervals off duty. Id. As set forth in the Complaint and Plaintiff's accompanying declaration, Plaintiff frequently worked more than ten (10) hours per day and is entitled to spread of hours pay.

### D. Plaintiff Is Entitled To Post-Judgment Interest

Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. Pereira v. J. Sisters Hair Care Productions, Inc., 2010 WL 2194807 at *1 (S.D.N.Y. June 1, 2010) (awarding post-judgment interest on default judgment); Blue v. Finest Guard Services, Inc., 2010 WL 2927398 at *13 (E.D.N.Y. June 24, 2010). This amount is calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. See 28 U.S.C. § 1961.

### E. Plaintiff Is Entitled To Damages For Defendants' Failure to Issue a Written Notice of Rate of Pay

Plaintiff is entitled to $50.00 per week for Defendants' failure to issue him with a written notice of their rate of pay with a maximum award of $5000.00. N.Y.L.L. § 195, 198.

As set forth in the Complaint and in their accompanying Declaration, Plaintiff was never issued a written notice of their rate of pay by Defendants.

### F. Plaintiff Is Entitled To An Award Of Attorneys' Fees

4

Plaintiff is entitled to an award of attorney's fees and costs in this matter. Both the FLSA and the NYLL provide for an award of reasonable attorneys' fees and costs to a prevailing plaintiff. See 29 U.S.C. § 216(b); N.Y.L.L. § 663(1).

Here, Plaintiff is represented by the Klein Law Group, P.C. A detailed breakdown of the attorneys' fee request and breakdown of time spent and costs on this case is located in the supporting declaration of Darren P.B. Rumack, Esq. A total of 7.83 hours have been expended to date, which is in line with cases with a similar procedural posture of filing for a motion for default judgment after filing a complaint. See Maldonado, 2012 WL 1669341 at * 14; Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 514 (S.D.N.Y. 2011).

## IV.    **CONCLUSION**

Pursuant to the foregoing, Plaintiff is entitled to an award representing damages for unpaid overtime compensation, liquidated damages, spread of hours pay, post-judgment interest, failure to issue a written notice of rate of pay and attorneys' fees and costs.

Dated: New York, New York
      April 4, 2019

Respectfully submitted,

The Klein Law Group P.C.

By:

    Darren P.B. Rumack
    39 Broadway, Suite 1530,
    New York, NY 10006
    Phone: 212-344-9022
    Fax: 212-344-0301
    *Attorneys for Plaintiff.*