USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:9/9/2019____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                       :

JUAN MANUEL GONZAGA CORTEZ,     :
*individually and on behalf of others similarly*   :
*situated*,                                             :

                                      Plaintiff,   :

                      -against-                         :

HANG LIN, QING QUAN ZHENG, SAIGON   :
CAFÉ 89 INC. d/b/a MIDO.,                   :

                                  Defendants.  X
------------------------------------------------------------

19 Civ. 0905 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Juan Manuel Gonzaga Cortes, on behalf of himself and others similarly situated, brings this action against Defendants Saigon Café 89 Inc. ("Saigon Café"), Hang Lin and Qing Quan Zheng, alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). After a default judgment was entered, and after the Court acknowledged a partial satisfaction of judgment, Defendants moved to vacate the judgment and requested leave to file an answer. For the reasons described herein, vacatur is DENIED.

I.      **BACKGROUND**

      On January 30, 2019, Plaintiff filed a Complaint against Defendants, alleging violations of the FLSA and NYLL. The Complaint alleges the following: Plaintiff worked at Saigon Café, owned and operated by Defendants Lin and Zheng, between the spring of 2014 and July 2018. During this time, he also worked for another restaurant owned by Defendants, Spice, which was sold in January 2018. During his employment, Plaintiff regularly worked seventy-two hours per week. Despite working in excess of forty hours per week, Plaintiff was paid a flat bi-weekly salary of $1,050.00 between 2014 and January 2018, and a flat bi-weekly salary of $1,200

between January 2018 and July 2018.  Defendants did not provide Plaintiff with written notice of his rate of pay, nor did they keep proper payroll records.

On February 21, 2019, Plaintiff filed an affidavit of service representing that the Summons and Complaint were served on Saigon Café on February 5, 2019, through the Secretary of State.[1]  The Summons informed Defendant Saigon Café of its obligation to respond to the Complaint by February 26, 2019.  On March 13, 2019, Plaintiff filed two affidavits of service showing that the Summons and Complaint were served on Hang Lin and Qing Quan Zheng on March 7, 2019, through personal delivery to a woman at Saigon Café.  The woman declined to provide a name to the process server, but identified herself as a co-worker of Defendants and, per the affidavit, appeared roughly forty years of age.  The affidavits of service also represented that the Summons and Complaint were served on Defendants Lin and Zheng through regular first-class mail to Saigon Café on March 8, 2019.[2]  The Summons informed Defendants Lin and Zheng that they were required to respond to the Complaint by March 28, 2019.  All Defendants failed to appear by their respective deadlines.

On March 25, 2019, Plaintiff filed a letter requesting an adjournment of the initial pretrial

---

[1] N.Y. Bus. Corp. Law § 306 dictates that service on a domestic corporation is "complete when the secretary of state is . . . served" and that the secretary "shall promptly send one of such copies by certified mail, return receipt requested, to such corporation, at the post office address, on file in the department of state, specified for the purpose."  N.Y. Bus. Corp. Law § 306.  *See also* N.Y. Bus. Corp. Law § 304 ("The secretary of state shall be the agent of every domestic corporation . . . upon whom process against the corporation may be served"); Fed. R. Civ. P. 4(e)(1) (permitting a plaintiff to serve a defendant by following the procedures set forth by state law in the state where the district is located).

[2] N.Y.C.P.L.R. § 308 provides that "[i]ndividuals may be served by delivering the summons within the state to a person of suitable age and discretion at [defendant's] actual place of business . . . [and] mailing the summons by first class mail to the person to be served at his or her actual place of business . . . ." N.Y.C.P.L.R. § 308(2), where "'actual place of business' shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." N.Y.C.P.L.R. § 308(6).

conference because Defendants had not responded to the Complaint, and noted his intent to proceed with default judgment if Defendants did not appear. The conference was adjourned from March 28, 2016, to April 18, 2019, and a briefing schedule was set pursuant to which Plaintiff could move for default judgment. Plaintiff so moved, filing all the required default judgment documentation. On April 3, 2019, Plaintiff obtained certificates of default for each Defendant from the Clerk of Court. Plaintiff filed a Memorandum of Law in Support of Plaintiff's Proposed Damages on April 9, 2019, and on the same day filed an affidavit of service stating that "the Order to Show Cause for Default Judgment and supporting documents, with exhibits" had been served via first class mail, addressed to Hang Lin and Qing Quan Zheng at Saigon Café.

Defendants did not appear for the show cause hearing on April 18, 2019, and default judgment was entered the next day. It provided that "Plaintiffs have judgment against Defendants on all causes of action, including compensatory damages in the amount of $74,650.00, liquidated damages in an amount of no less than $69,650.00, plus attorney's fees and disbursements in the sum of $3643.57, and post-judgment interest as provided by law and any other relief the Court may deem appropriate and the Plaintiffs have execution thereof."

On May 3, 2019 -- almost three months after Defendant Saigon Café was served with the Complaint, almost two months after Defendants Lin and Zheng were served with the Complaint, and almost a month after Defendants were served with the Order to Show Cause -- Defendant's counsel, Mr. Michael Chong, first appeared on the docket. After this initial May 3, 2019, appearance, Mr. Chong did not further communicate with the Court until over a month later on June 10, 2019, six days after a Partial Satisfaction of Judgment was issued for the sum of $25,541.26. At that point, Mr. Chong filed a pre-motion letter regarding the present motion to

vacate the default judgment.

Defendants allege the following on this motion to vacate judgment: although Defendants Lin and Zheng are the "'official', legal owners" of Saigon Café, non-party Qing Liang Zheng (Defendant Zheng's brother) is the "actual beneficial owner of the corporation, and has at all relevant times operated and managed the restaurant." Non-party Zheng moved to South Carolina in 2017, and has arranged for mail addressed to the corporation to be forwarded to his address in South Carolina. Non-party Zheng also returns to New York approximately once a month and collects mail addressed to the corporation at that time.

Non-party Zheng states in an affidavit in support of the motion to vacate that he was unaware of this matter until the business checking account for Saigon Café was frozen which, according to Plaintiff, occurred around April 29, 2019. Non-party Zheng states that he did not receive the Summons and Complaint that the Secretary of State mailed to Saigon Café, and that the Defendants do not know who accepted service on behalf of Defendants Lin and Zheng at Saigon Café, but that the individual who did accept service was not authorized to do so, and those documents were not delivered to non-party Zheng either. The affidavit does not address the mailings to the individual Defendants of the Complaint and Summons or of the Order to Show Cause and supporting documentation.

Finally, the Defendants assert that non-party Zheng "possesses time and pay records to rebut/dispute Plaintiff's claims." In his affidavit, Mr. Zheng states that he has Plaintiff's employment records for Saigon Café. While the Complaint alleges that Plaintiff worked seventy-two hours per week for Saigon Café and Spice between 2014 and July 2018 for a flat salary, non-party Zheng asserts that in fact the employment records show that Plaintiff worked for Saigon Café only between January and July 2018, worked forty hours per week and was paid

fifteen dollars per hour. These records were not attached to the seven-page motion "in light of the Court's instruction that the Motion to Vacate Default Judgment is not to exceed twelve pages."

## II. LEGAL STANDARD

Defendants move to vacate the Court's judgment under Rule 60(b)(1), which provides that "a court may relieve a party or its legal representative from a final judgment" due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The "excusable neglect" standard is guided by three principal factors: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *White Plains Hous. Auth. v. Getty Properties Corp.*, No. 13 Civ. 6282, 2017 WL 1498041, at *3 (S.D.N.Y. Apr. 25, 2017) (citing *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 166167 (2d Cir.2004)).

Default judgments are "generally disfavored." *State Street,* 374 F.3d at 168; *accord Star Asia Int'l, Inc. and Star Asia Customs, Trade & Sec., Inc., v. Old Dominion Footwear, Inc., et al.,* No. 18 Civ. 4741, 2019 WL 2371632, at *1 (S.D.N.Y. June 5, 2019). In deciding a motion to set aside a default judgment, "doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (citing *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)); *accord Levy v. Nierman*, No. 17 Civ. 4022, 2019 WL 147462, at *2 (S.D.N.Y. Jan. 8, 2019). Therefore, when considering the Defendants' contentions, the Court "accepts as true" Defendants' assertions. *Getty Properties Corp.*, 2017 WL 1498041, at *3. "But, 'courts have an interest in expediting litigation [and] abuses of process may be prevented

by enforcing those defaults that arise from egregious or deliberate conduct.'" *Star Asia Int'l, Inc.,* 2019 WL 2371632, at *1 (quoting *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). "A motion to vacate a default judgment is 'addressed to the sound discretion of the district court.'" *Green*, 420 F.3d at 104 (quoting *State Street,* 374 F.3d at 166).

## III. DISCUSSION

Defendants' motion to vacate is denied. The excusable neglect factors -- Defendants' willfulness and failure to present a complete defense to Plaintiff's claims -- weigh overall against vacating default judgment.

### A. Willfulness

Willfulness "requires something more than mere negligence, such as egregious or deliberate conduct." *Guardian Life Ins. Co. of Am. v. Premier Wealth Grp., LLC*, No. 12 Civ. 9099, 2017 WL 1040425, at *3 (S.D.N.Y. Mar. 16, 2017) (quoting *Green*, 420 F.3d at 108). However, a court need not reach a finding of "bad faith;" rather, "it is sufficient to conclude that the defendant defaulted deliberately." *Id.* (quoting *Bricklayers and Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC,* 779 F.3d 182, 187 (2d Cir. 2015)). A court may find a default to have been willful where the conduct of the litigant was "egregious and was not satisfactorily explained." *Mason Tenders Dist. Council of Greater New York v. WTC Contracting, Inc*., No. 10 Civ. 0700, 2011 WL 4348152, at *2 (S.D.N.Y. Sept. 16, 2011) (quoting *Securities and Exchange Commission v. McNulty,* 137 F.3d 732, 738 (2d Cir.1998)).

Here, Plaintiff filed sworn affidavits establishing that filings from this case were served on the Defendants six times in total: the Complaint and Summons were sent through certified mail to Defendant Saigon Café by the Secretary of State; two copies of the Complaint and Summons, one for each individual Defendant, were personally served on a restaurant employee

at Saigon Café; the Complaint and Summons were mailed twice, addressed to each individual

Defendant, "C/O Saigon Café"; and the Order to Show Cause and supporting documents were

mailed once, addressed to both individual Defendants at the Saigon Café.  Under New York law,

"a process server's affidavit of service establishes a prima facie case of the account of the method

of service."  *Cablevision Sys. New York City Corp. v. Okolo*, 197 F. App'x 61, 62 (2d Cir. 2006)

(quoting *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.,* 301 F.3d 54, 57 (2d Cir.2002)).

Defendants' motion to vacate asserts that non-party Zheng, despite having a process in

place to receive mail at Saigon Café, did not receive the Summons and Complaint, was not aware

of this litigation until roughly April 29, 2019, and therefore Defendants' default was not

deliberate.  Although the motion speculates that the unidentified woman who accepted personal

service on behalf of the two individual Defendants was a temporary worker who failed to give

the envelopes to the restaurant manager, the motion provides no explanation as to how four

different mailings failed to arrive.  Such a lack of satisfactory explanation indicates the default

was deliberate.  *See WTC Contracting, Inc.*, 2011 WL 4348152, at *3 ("One failure by the

United States Postal Service might be believable, but three failures . . . are beyond credible.  To

the contrary, the facts suggest that [Defendant] received the notices of this action and

deliberately decided not to accept, open, read or act on them, deliberately deciding not to appear

in this case."); *accord Lopez v. Mohammed*, No. 14 Civ. 4443, 2017 WL 4277154, at *9

(E.D.N.Y. Sept. 26, 2017) (finding the defendant's default was willful where the defendant

admitted to regularly receiving mail at his place of business, and his employee received service).

Additionally, Defendants' motion contains no explanation as to why the purported owner

of the restaurant, who is a non-party, is relevant to the willfulness of Defendants in their default.

Not only did the individual Defendants fail to submit affidavits regarding their lack of notice,

Defendants do not even assert that the individual Defendants lacked notice of this litigation or the show cause hearing. By failing to provide an explanation for the individual Defendants' failure to respond, Defendants fail to show the default was not willful. *See Kass v. City of New York*, No. 14 Civ. 7505, 2015 WL 8479748, at *3 (S.D.N.Y. Dec. 2, 2015); *accord Frost Belt Int'l Recording Enters., v. Cold Chillin' Records,* 758 F.Supp. 131, 136 (S.D.N.Y. 1990) (noting that defendant's counsel failed to submit an affidavit explaining default and that "such utter failure to explain the default effectively precludes a finding of excusable neglect"); *WTC Contracting, Inc.,* 2011 WL 4348152, at *3 (denying motion to vacate default judgment because party had no "credible explanation" for why it did not read its mail and appear in the action).

Defendants' neglect is compounded by the delay in responding to the default judgment. Even assuming Defendants were unaware of this action until April 29, 2019, defense counsel appeared on May 3, 2019, but Defendants delayed filing this motion to vacate until six weeks later on June 10, 2019. "The delay with which Defendants have pursued vacatur in this case, despite their receipt of numerous notices regarding the lawsuit and default proceedings, support the Court's conclusion Defendants knowingly chose to ignore the summons and complaint until well after it entered default judgment." *Burns v. Kelly Enterprises of Staten Island, LLC*, No. 16 Civ. 6251, 2019 WL 3304883, at *3 (E.D.N.Y. July 23, 2019) (citing *Lopez*, 2017 WL 4277154, at *10.

Defendants' willfulness in defaulting in this lawsuit weighs against vacatur.

**B.     Existence of a Meritorious Defense**

The second factor to consider on a motion to vacate a default judgment is whether the defendant presents a meritorious defense. *Green*, 420 F.3d at 108. "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the

defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *WTC Contracting, Inc.,* 2011 WL 4348152, at *3 (quoting *State Street,* 374 F.3d at 167). The defendants must "articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations." *Johnson v. New York Univ*., 324 F.R.D. 65, 72 (S.D.N.Y. 2018). Here, Defendants have failed to present a meritorious defense for many of the Complaint's claims.

The Complaint alleges that Plaintiff worked at two restaurants, Saigon Café and Spice, between which he worked more than forty hours per week -- and often twelve hours per day -- for roughly four years. Defendants do not dispute that they owned both restaurants during the relevant time. The Complaint alleges that Plaintiff was not paid the minimum wage, overtime and spread of hours required by the FLSA and/or NYLL. The Complaint also alleges that Defendants failed to make or preserve accurate records of Plaintiff's employment, and provide Plaintiff with a written notice of rate of pay, all as required by NYLL.

Defendants assert, in their memorandum of law and non-party Zheng's affidavit, that Saigon Café's employment records show that Plaintiff worked at Saigon Café for only seven months in 2018, that he did not work more than forty hours per week and that he was paid fifteen dollars per hour.[3] These facts, if true, could constitute a defense to Plaintiff's claims regarding Defendants' purported failure to pay minimum wage or overtime wages at Saigon Café. These facts would also limit damages from Plaintiff's work at Saigon Café due to the short period of

_____

[3] Defendants did not attach any of these employment records, purportedly due to the Court's page limit of twelve pages (although their motion was barely more than six pages long). Although Defendants were limited to twelve pages, they elected not to use any of the five remaining pages to submit any evidence, including at least a record that Plaintiff was hired in 2018 as Defendants assert, rather than 2014 as Plaintiff maintains.

employment.  The existence of employment records would rebut Plaintiff's claim that Defendants failed to maintain accurate records.

Defendants do not, however, provide any defense to the Complaint's allegations regarding Spice, beyond noting that Spice was sold in January 2018 and was not named as a defendant.  Defendants do not dispute the Complaint's allegation that the individual Defendants owned Spice during the relevant period; that the individual Defendants had "the ability to hire and fire employees and set employee schedules and employee rates of pay"; that they "sent [Plaintiff] back and forth" between the two restaurants as needed; that Plaintiff worked at both Spice and Saigon Café simultaneously for some period prior to the sale of Spice in January 2018; and that during his time working at Spice, Plaintiff worked more than forty hours per week -- often twelve hours per day -- for a flat bi-weekly salary of $1,050.00.  Defendants also do not address the individual Defendants' role at either restaurant beyond simply asserting that non-party Zheng "operated and managed" Saigon Café at all relevant times.  Based on these undisputed allegations, it is reasonable to assume that individual Defendants may be jointly and severally liable for the allegations regarding Plaintiff's work at Spice as "employers" under the FLSA and NYLL,[4] and that Spice and Saigon Café may have been acting as joint employers under the FSLA and NYLL.[5]  Defendants' failure to provide any defense to these allegations

---

[4] *See Irizarry v. Catsimatidis*, 722 F.3d 99, 107 (2d Cir. 2013) (holding that an individual can be personally liable under the FLSA as an employer where the individual possesses control over the company's actual operations in a manner that relates to the plaintiff's employment); *Inclan v. New York Hosp. Grp., Inc*., 95 F. Supp. 3d 490, 511 (S.D.N.Y. 2015) ("[D]istrict courts in this Circuit have consistently interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA.")

[5] *See* 29 CFR § 791.2 ("[I]f the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act. In this event, all

weighs against vacatur.

Even regarding Plaintiff's employment at Saigon Café, Defendants do not address Plaintiff's claims that he "regularly had workdays that lasted more than ten (10) hours," that Defendants failed to compensate him for the spread of hours premium on those days, and that they failed to provide Plaintiff with a written notice of rate of pay.

As Defendants have failed to allege facts constituting a "*complete* defense," *Getty Properties Corp.*, 2017 WL 1498041, at *5 (emphasis in original), the second factor weighs against vacatur.

### C. Prejudice to the Non-Defaulting Party

"The final factor a court must consider on a Rule 60(b) motion is whether and to what extent vacating the default judgment will prejudice the non-defaulting party." *Green*, 420 F.3d at 110. "Delay standing alone does not establish prejudice." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993); *accord PMJ Capital Corp. v. Bauco*, No. 16 Civ. 6242, 2018 WL 485973, at *6 (S.D.N.Y. Jan. 18, 2018). However, vacating a default judgment may result in "unfair prejudice if, for example, it thwarts the plaintiff's recovery, results in the loss of evidence, increases the difficulties of discovery or provides greater opportunity for fraud and collusion." *Green*, 420 F.3d at 110 (quotation marks and citation omitted); *accord Pelgrift v. 335 W. 41st Tavern Inc.*, No. 14 Civ. 8934, 2017 WL 4712482, at *6 (S.D.N.Y. Sept. 28, 2017). Plaintiff has not shown that he will suffer the type or extent of prejudice that would warrant the

---

joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act . . . ."); *Martin v. Sprint United Mgmt. Co.*, 273 F. Supp. 3d 404, 422 (S.D.N.Y. 2017) ("[C]ourts in this District regularly apply the same tests to determine whether entities were joint employers under NYLL and the FLSA.")

denial of the motion to vacate the default.  The third factor weighs in favor of Defendants.

### D.  Balancing the Factors

Defendants were willful and failed to present a meritorious defense.  Courts in this district have found that either factor alone is sufficient to deny a motion to vacate.  *See e.g. Star Asia Int'l, Inc.,* 2019 WL 2371632, at *3 (concluding that the default was willful and therefore declining to examine the other factors in the analysis); *Green*, 420 F.3d at 109 ("[T]he absence of [a meritorious] defense is sufficient to support [a] district court's denial of a Rule 60(b) motion.") (quotations omitted).  Together, these factors warrant denial of Defendants' motion.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Vacate the Default Judgment is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. 45.

Dated: September 9, 2019
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**